(No. 14904.—Reversed and remanded.)

JOSEPH LEWANDOWSKI *et al.* Appellees, *vs.* JOSEPH ZUZAK *et al.* Appellants.

*Opinion filed December 19, 1922.*

1. WILLS—*when order of county court committing testator to hospital for insane is not admissible.* In a will contest case, on the issue of testamentary capacity it is error to admit in evidence an order of the county court, entered soon after the execution of the will, committing the testator to the hospital for the insane and including the report of two physicians that after examination they found the testator a fit person to be sent to the hospital, as the proceeding in the county court is upon a different issue from that in the will contest and does not settle the question of the testator's capacity to make the will in contest. (*Holliday* v. *Shepherd,* 269 Ill. 429, explained.)

2. SAME—*bill to contest will should be dismissed if there is no evidence of heirship in complainants.* In a will contest the question of the heirship of the complainants is not one on which they are entitled to a trial by jury, and if there is no evidence to prove the heirship of the complainants the court should dismiss the bill for want of jurisdiction, and although the question has been submitted to the jury and there is a verdict setting aside the will, it is still the chancellor's duty to render such decree as the law requires under the evidence.

3. SAME—*when birth certificates are not sufficient to prove the heirship of complainants.* In a will contest, where the complainants claim to be the only heirs of the testator as brother and sister, the heirship is not established by documents purporting to be birth certificates of the testator and one of the complainants, where there is no other evidence to identify the complainants or the testator with the individuals named in the birth certificates except the similarity in names.

APPEAL from the Circuit Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding.

FRANK H. NOVAK, and ELMER A. ROAT, for appellants.

JAMES C. MARTIN, CHARLES R. YOUNG, and ARTHUR A. BASSE, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal from a decree setting aside the will of Michael Lewandowski on the ground of unsoundness of mind. The bill alleged that the complainants, Joseph and Rosie Lewandowski, were brother and sister and only heirs of Michael Lewandowski. The defendants are Joseph Zuzak and Marya Zuzak, the sole beneficiaries under the will. The answer denied that the complainants were the brother and sister of Michael Lewandowski or were his heirs, as well as the mental unsoundness of Lewandowski. There was a trial by jury, and the issue submitted was whether the instrument produced on the trial was the last will and testament of Michael Lewandowski, deceased, or not. No issue was submitted as to the relationship of the complainants to the testator. Evidence was introduced on both sides as to the testator's mental condition, and there was great conflict in it. The weight of the evidence will not be discussed, because the decision must be reversed for error committed on the trial.

The will was executed on March 16, 1916. On March 23, 1916, Michael Lewandowski was adjudged by the county court of Cook county to be a fit person to be sent

to the hospital for the insane. He was committed to the hospital at Kankakee, of which he remained an inmate until his death, on June 21, 1919. His will was admitted to probate in the probate court of Cook county on September 30, 1919, and the bill to contest it was filed on September 29, 1920. On the trial the appellees were permitted to introduce in evidence, over the objection of the appellants, the order of the county court committing the testator to the hospital for the insane, including the report of two physicians who were appointed by the court and reported that upon their examination of Lewandowski they found him to be a fit person to be sent to the hospital for the insane; that his disease was of seven months' duration and the cause was alcoholic psychosis. It was error to admit this evidence. The proceeding for the commitment of the testator to the hospital for the insane was upon a different issue from that in this case, and the certificate of the physicians was given to the jury without any opportunity for cross-examination by the appellants. In *Keely* v. *Moore,* 196 U. S. 38, where a similar certificate of two physicians was offered in evidence and excluded, the court said: "These were properly excluded, not only because they were unsworn testimony but because they were given in a different proceeding and upon a different issue. Thomson may have been insane to the extent of being dangerous if set at liberty and yet may have had sufficient mental capacity to make a will, to enter into contracts, transact business, and be a witness. In the case of *Leggate* v. *Clark,* 111 Mass. 308, the admission of similar testimony was treated as error."

In *Entwistle* v. *Meikle,* 180 Ill. 9, the record of the county court showing the appointment of a conservator for the testator two or three years after the execution of the will was excluded, and the court in affirming the decree stated that "the question in issue on the trial was as to the testamentary capacity of the testator on May 31, 1894,

not whether under chapter 86 of the Revised Statutes there should be appointed a conservator to take charge of his property to prevent him from dissipating or wasting his estate, and the determination of the latter question would not settle the former. Conceding that the appointment of a conservator was proper, it does not follow that the testator did not possess testamentary capacity to make a will." *Wetzel* v. *Firebaugh*, 251 Ill. 190, is to the same effect.

In an application for the probate of a will certain proceedings in the county court about a month before the execution of the will for the appointment of a conservator for the testatrix were introduced in evidence, which resulted in a verdict finding that she was a distracted and feeble-minded person and in the appointment of a conservator. This evidence was not competent in the county court to show a lack of mental capacity, because in that court the only testimony admissible on that question is that of the subscribing witnesses. It was contended that a person who had been legally adjudged to be a distracted or feeble-minded person was therefore not authorized to devise property, and that the circumstances attending the execution of the will constituted such fraud and improper conduct as to invalidate it; but it was held that an inquest of lunacy is conclusive as to subsequent occurrences only when made so by statute, as in the case of contracts, which are declared void by section 14 of chapter 86 of the Revised Statutes, and it was said to be significant that no declaration was made in regard to wills. It was further observed that the verdict and judgment did not find that the testatrix was of unsound mind but simply that she was a distracted or feeble-minded person and by reason of this condition incapable of managing and caring for her estate. "No greater force can be given to this finding than that she was feeble-minded, and this is not enough to invalidate a will. Mental weakness is not inconsistent with testamentary capacity. A less degree of mental capacity is requisite for the execution of

a will than for the execution of contracts and the transaction of ordinary business. One may be capable of making a will yet incapable of disposing of his property by contract or of managing his estate. (*Greene* v. *Greene*, 145 Ill. 264.) * * * The condition of being unable, by reason of weakness of mind, to manage and care for an estate is not inconsistent with capacity to make a will." *In re Estate of Weedman*, 254 Ill. 504.

The issues formed in the county court in a proceeding to have a conservator appointed do not necessarily involve the same question necessary to be determined in settling the mental capacity to make a valid will. To make a valid will only requires the testator to be of sound mind at the moment of composing and executing it. A conservator should be appointed if the testator was generally incompetent to take care of his property though a portion of the time he might be competent, for the danger of wasting his property would exist at the times when he was incompetent though at the moment of the appointment the testator might have been competent. In *Holliday* v. *Shepherd*, 269 Ill. 429, a suit to contest a will, the court admitted in evidence the record of the appointment of a conservator for the testator in the month prior to the execution of the will, and it was held that in view of the testator's history, as shown in the record, from his boyhood, the record was admissible, but it was stated that if the record had shown that the conservator was appointed for the sole reason that the testator was a spendthrift or a drunkard a different question would have been presented as to the admissibility of the record. In that case the verdict found that the testator was insane. In this case there was no finding of a jury that the testator was insane but only the certificate of two physicians that he was a fit person to be sent to the hospital for the insane. Such a finding is not inconsistent with testamentary capacity.

No issue as to the heirship of the complainants or their relation to the testator was submitted to the jury, and at

the close of all the evidence the appellants moved the court
to dismiss the bill for want of jurisdiction, because there
was no evidence that the testator was survived by any heirs-
at-law or that the complainants were such heirs. The court
denied the motion, and a verdict having been rendered find-
ing the writing not to be the last will and testament of
Michael Lewandowski, a motion for a new trial was over-
ruled and the court entered a decree setting aside the will.
The question of heirship was not one on which the par-
ties were entitled to a trial by jury, and had the issue been
submitted to the jury the verdict would have been advisory,
only, and it would still have been the chancellor's duty to
render such decree as the law required under the evidence.
(*Prescott* v. *Ayers,* 276 Ill. 242; *Stone* v. *Salisbury,* 209
id. 56.) In the latter case the issue of the heirship was
formed and submitted to the jury. In the former no such
issue was made up and the record does not show any find-
ing of the jury as to the heirship of the complainants, but
the decree stated a finding by the jury and the court ren-
dered a decree setting aside the will. Since the verdict
would in no event have been binding on the chancellor the
decree was properly rendered on his own findings.

The only evidence which was offered of the relation of
the complainants to the testator was two extracts from the
book "Duplicate" from the civil code of the Roman Catho-
lic creed in the parish of Leczyca, in Poland, preserved in
the archives of the department of documents of the county
of Leczyca. One was birth certificate 204, showing the
christening on September 23, 1866, of a male child born
in Leczyca on September 20, 1866, to Antoni Lewandow-
ski, workman of Leczyca, being thirty-three years of age,
and his wife, Magdalena, being thirty-five years of age.
The child was named Michal. The other was birth certifi-
cate 57, showing the christening on March 24, 1861, of a
male child born in Leczyca on March 18, 1861, to Antoni
Lewandowski, being twenty-eight years of age, workman of

Leczyca, and Magdalena, his wife, being thirty years of age. The child was named Jozef. No objection was made to the authenticity of these documents or the official character of the persons by whom they are signed or their competency as evidence but only to their effect as proof. They proved no more than that Antoni Lewandowski and his wife, Magdalena, of Leczyca, had two sons, Jozef and Michal, but they were no proof of the identity of these two sons with Michael Lewandowski, the testator in this case, and Jozef Lewandowski, the complainant. There was evidence that Michael Lewandowski, when he made the will, appeared to be about fifty years of age and that he said he came from Leczyca, but this did not identify him with the son of Antoni and Magdalena Lewandowski. There was no evidence whatever as to the identity of the complainant Jozef with the son of Antoni and Magdalena Lewandowski of that name. A letter was introduced in evidence dated Leczyca, March 28, 1920, addressed to "Dear Sir," requesting information concerning the writer's brother, Michael Lewandowski, and asking the addressee of the letter to look into the entire matter in regard to the will and promising to send proper authorization and necessary documents. It is signed "Joseph Lewandowski," but there is no evidence by whom it was written or signed.

The birth certificates are no proof of the identity of the persons named in them with the parties to this controversy. The fact of their identity must be established by other evidence. (1 Greenleaf on Evidence, sec. 493.) There is no proof in the record of the relationship of Rosie Lewandowski to Michael. In the absence of evidence of the interests of the complainants in the estate of the testator the motion of the defendants to dismiss should have been sustained.

The decree will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*