New York Life Insurance Company, Plaintiff, v. Mary Roselene Schlieper, Appellant. Eugene Dean Schlieper et al., Appellees.

Gen. No. 8,955.

Opinion filed January 17, 1936. Rehearing denied April 7, 1936.

ELIZABETH MAYO, of Pittsfield, for appellant.

WILLIAM and BARRY MUMFORD, both of Pittsfield, for appellee Paul A. Schlieper.

L. T. Graham, of Pittsfield, guardian *ad litem* for Eugene Dean Schlieper and Daniel Dale Schlieper, minors, appellees.

Mr. Justice Allaben delivered the opinion of the court.

On November 23, 1922, Daniel E. Schlieper purchased a policy of life insurance from the New York Life Insurance Company, of the face value of $1,000, with Kathlene Schlieper designated as beneficiary. It was provided in the policy that the insured had the right at any time to change the beneficiary upon giving notice in accordance with the provisions of said policy. On July 19, 1926, the beneficiary was changed to Eugene Dean Schlieper and Daniel Dale Schlieper, his children, and on June 17, 1933, the insured again changed the beneficiary of said policy to Mary Roselene Schlieper, his then wife. Daniel E. Schlieper died August 21, 1934, the insurance policy being at that time in full force and effect.

On March 25, 1931, at Hammond, Indiana, Daniel E. Schlieper was adjudicated to be an insane person, and committed to the State Hospital for Insane, at Logansport, Indiana. On July 6, 1931, in the county court of Pike county, Illinois, he was found to be insane by a jury, and Anna Schlieper was appointed conservator both of his person and his property. Anna Schlieper qualified as conservator, and continued to act until the death of her ward. Claim to the avails of the insurance policy was filed by Mary Roselene Schlieper and by Paul A. Schlieper as guardian on behalf of Eugene Dean Schlieper and Daniel Dale Schlieper, minors. February 7, 1935, the New York Life Insurance Company filed its interpleader complaint in the circuit court of Pike county, making all parties in interest parties thereto, and asking the direction of the court as to whom the money should be paid. L. T. Graham,

an attorney, was appointed guardian *ad litem* for the minors. He filed answer as guardian *ad litem,* on behalf of the two minors, and Paul A. Schlieper, guardian, also filed his answer on behalf of said minors. Mary Roselene Schlieper filed her answer. The court entered an interlocutory decree impounding the sum of $828.34, the amount found due by the court on the said insurance policy, with the clerk of the circuit court of Pike county, released the interpleading plaintiff from further liability and dismissed it out of the case.

The amended answer of Mary Roselene Schlieper admitted the issuance of the policy, the change of beneficiary in 1926, and the change of beneficiary to herself in 1933, and alleged that at the time of the change naming her beneficiary the said Daniel E. Schlieper was of sound mind and memory, and fully capable of knowing and understanding the business in which he was engaged, and the persons who were the natural objects of his bounty, and competent in every respect to transact the particular bit of business of changing the beneficiary in said insurance policy on that date, and that such change of beneficiary was and is a legal and binding change.

The amended answer of L. T. Graham, as guardian *ad litem* of the two minors, and of Paul A. Schlieper, guardian of said minors, alleged the adjudication of Daniel A. Schlieper on March 25, 1931, to be an insane person and his committal to the State Hospital for the Insane at Logansport, Indiana, also alleged June 1, 1931, the finding by a jury in the county court of Pike county, Illinois, that Daniel E. Schlieper was insane, the appointment of Anna Schlieper as conservator for him and his property; that she qualified, and continued to act until his death, and that by reason of said adjudication of insanity, Daniel E. Schlieper was from and after March 25, 1931, wholly incompetent to transact

any business and disqualified and unable to execute and deliver the instrument purporting to change the beneficiary in said insurance policy, and praying that the avails thereof should be paid to Paul A. Schlieper, as guardian of the minors.

Mary Roselene Schlieper filed her motion to strike the amended answer filed by Paul A. Schlieper, guardian, and L. T. Graham, guardian *ad litem,* from the files because said answers did not allege that Daniel Schlieper was mentally incompetent to make the change of beneficiary to Mary Roselene Schlieper at the time same was made, and that said answer was wholly insufficient in law. Paul A. Schlieper, as guardian of said minors, and L. T. Graham, as guardian *ad litem* of said minors, filed motions to strike the answer of Mary Roselene Schlieper for the reason that said answer did not deny the adjudications of insanity set forth in the answer of the guardians for their minors, or that at the time of the said purported change of beneficiary his property and person were under the care and control of a conservator duly appointed; also that before the said Mary Roselene Schlieper could establish her right to the proceeds of the funds in controversy she must establish the fact that the said Daniel Schlieper was legally competent to make such change of beneficiary and was not under an adjudication of insanity; further, that the answer showed that the attempted change of beneficiary was a contractual act and void under section 14, chapter 86, of the Revised Statutes of the State of Illinois, relative to lunatics, idiots, drunkards and spendthrifts.

After hearing the court struck the answer of the defendant, Mary Roselene Schlieper, and denied her motion to strike the answers of the guardian and guardian *ad litem.* Mary Roselene Schlieper elected to stand on her answer, whereupon the court entered a decree finding that the attempted act on the part of

Daniel E. Schlieper on June 17, 1933, to change said beneficiary was a contractual act, and was void and of no force or effect, for the reason that at said time said Daniel E. Schlieper was under an adjudication of insanity and under the care and control of a conservator and not legally competent to change the beneficiary in his insurance policy, and finding that the defendants Eugene Dean Schlieper and Daniel Dale Schlieper were entitled to the funds derived from the insurance policy, and further ordering that the costs of suit be taxed against Mary Roselene Schlieper. From this order and decree the defendant, Mary Roselene Schlieper, has prosecuted this appeal to this court.

The errors assigned for reversal are that the court erred in striking her answer; that the court erred in denying her motion to strike the answer of Paul A. Schlieper as guardian of the minors, and the answer of L. T. Graham, as guardian *ad litem* of said minors; that the court erred in entering a decree finding her answer insufficient in law; that the court erred in finding that the act of Daniel E. Schlieper on June 28, 1933, changing the beneficiary of the policy of insurance was a contractual act; that the court erred in finding that on June 28, 1933, Daniel E. Schlieper was not legally competent to change the beneficiary in a policy of insurance; that the court erred in awarding the amount due on the insurance policy to Eugene Dean Schlieper and Daniel Dale Schlieper; that the court erred in decreeing that Paul A. Schlieper, guardian of the said minors, was entitled to the amount due on said policy for his wards, and ordering the clerk to pay to the above mentioned Paul A. Schlieper, as guardian, the amount due on said policy; that the court erred in assessing the costs of suit against Mary Roselene Schlieper.

The matter presented by this appeal is purely a question of pleading. Under the Practice Act a motion

to strike serves the purpose of a special demurrer. All facts well pleaded are taken as admitted to be true. It is, therefore, admitted by the motion of Mary Roselene Schlieper that Daniel E. Schlieper was adjudged insane in March, 1931, and committed to the State Hospital for Insane at Logansport, Indiana, and that on the 6th day of July, 1931, in the county court of Pike county, Illinois, the said Daniel E. Schlieper was found to be insane by a jury, and that a conservator was appointed for him and his property who qualified and continued to act until the date of his death, and was his guardian on June 17, 1933, the date the change of beneficiary was made. However, such a motion admits no conclusions of law. By the same rule the motions by the two guardians of the minors to strike the answer of Mary Roselene Schlieper, admits all the facts well pleaded in her answer, and therefore, admit that at the time of the change of beneficiary on June 17, 1933, Daniel E. Schlieper was of sound mind and memory and fully capable of knowing and understanding the business in which he was engaged, and the persons who were the natural objects of his bounty, and competent in every respect to transact the particular business of changing the beneficiary in said insurance policy. Of course, their motions to strike admit no conclusions of law.

Although there are numerous assignments of error, the sole question raised is whether one who has been adjudicated an insane person and for whose person and property a conservator has been appointed, and is acting, can, if possessed of sufficient mental capacity to know and understand the business in which he is engaged, and the persons who are the natural objects of his bounty, and competent in every respect to transact the particular business of changing the beneficiary of an insurance policy, do so, and have legal effect given to such change. It is urged by appellees in this

court and found by the trial court that the act of Daniel E. Schlieper in changing the beneficiary in his said insurance policy on June 17, 1933, was and constituted a contractual act on his part, and was void, and of no force and effect, because the said Daniel E. Schlieper was then under an adjudication of insanity based upon the finding of a jury and was at said time under the care and control of a conservator, and not legally competent to change the beneficiary in his insurance policy. This is based upon the following statute: Illinois State Bar Stats., 1935, chapter 86, section 14: "Contracts, when and as to whom void. Every note, bill, bond or other contract by an idiot, lunatic, distracted person or spendthrift, made after the finding of the jury, as provided in Section 1 of this Act, shall be void as against the idiot, lunatic, distracted person, drunkard or spendthrift, and his estate, . . . '' Section 12, chapter 85, contains the same provision except that it applies only to lunatics. It does not appear to this court that these sections of the statute are in any way applicable to the matter involved here. In the first place it does not appear to us that the changing of a beneficiary in an insurance policy constitutes a contractual act, but rather is analogous to the making of a testamentary disposition of one's property. (*Mutual Life Ins. Co. of New York v. Devine,* 180 Ill. App. 422.) Changing the beneficiary calls for no new consideration, the premium remains the same, the cash value of the policy is not altered, nor is the loan value changed. When the contract was entered into the right by the insured from time to time to change the beneficiary was reserved. To us it seems that the changing of the beneficiary does not constitute a contractual act. The finding of insanity and the appointment of a conservator will not prohibit the party against whom the finding was made from making a will and it has been frequently so held in this State. (*Belz*

*v. Piepenbrink,* 318 Ill. 528; *In re Weedman's Estate,* 254 Ill. 504; *Lewandowski v. Zuzak,* 305 Ill. 612; *Wetzel v. Firebaugh,* 251 Ill. 190.)

However, we do not believe that it is necessary to decide this question, as to whether or not the changing of a beneficiary is a contractual act, because the provisions of the statute cited are that "every . . . contract by an idiot, lunatic, distracted person or spendthrift made after the finding of the jury . . . shall be void as against the *idiot, lunatic, distracted person, drunkard or spendthrift, and his estate."* It can readily be seen that the change of beneficiary did not affect Daniel E. Schlieper or his estate. As previously stated, the change did not require any consideration, increase the premium, affect the cash value, or the loan value, and inasmuch as in any event the proceeds of this policy at his death would go to beneficiaries under the policy, and not to the estate, it in nowise affects the estate. Therefore, the act of changing the beneficiary in a life insurance policy, if a contractual act, does not come within the prohibitions of the statute cited.

For the reasons heretofore set out the trial court erroneously struck the answer of Mary Roselene Schlieper and erroneously denied her motion to strike the answers of the two guardians. Therefore, this cause is reversed and remanded with directions to the trial court (1) to set aside the decree entered herein, (2) to strike the answers of the two guardians, (3) to vacate the order striking the answer of Mary Roselene Schlieper, and for such further action as is not inconsistent with this opinion.

*Reversed and remanded with directions.*