**Estate of Joseph Diak, Deceased.
Michael Diak, et al., Appellants, v. Gustav Hammler, et
al., Appellees.**

Gen. No. M–50,688.

First District, Second Division.

February 15, 1966.

Leon M. Despres & Albert Schwartz, of Chicago, for appellants.

Mulcahy, Murphy & Devery, of Chicago, for appellees.

MR. JUSTICE BURKE delivered the opinion of the court.

This appeal is taken from an order, entered in a proceeding to establish heirship, declaring the heirship of Joseph Diak, deceased.

Joseph Diak died on February 12, 1963, and letters of administration to collect were issued in June of that year.

Appellants Walter Diak, Michael Diak and Mary Diak Bojko filed a petition on May 5, 1965, for leave to appear as heirs of Joseph Diak, claiming that they were the children of George Diak whom they alleged to be a half brother of Joseph Diak.

On May 11th the executor named in the Last Will and Testament of Joseph Diak filed a petition for admission of the Will to Probate. The petition alleged the sole legatee-devisee under the Will to be Mary Hammler, sister of Joseph Diak. Also named in the petition as the heirs of Joseph Diak were the appellants herein, and the appellees herein, Gustav Hammler, Richard Hammler and Eleanor Downey, the children of Mary Hammler. Both Mary Hammler and George Diak predeceased Joseph Diak.

On the same day the petition for admission of the Will was filed, appellees filed a petition alleging that they were the sole heirs of Joseph Diak and that appellants' father, George Diak, was not a half brother of Joseph Diak. The status of the appellees as heirs of Joseph Diak is conceded by the appellants.

At the proceeding to establish heirship on May 25, 1965, appellee Gustav Hammler was permitted to testify over appellants' objection under section 2 of the Evidence Act. Ill Rev Stats 1965, chap 51, par 2. Appellants made no attempt to testify at the proceeding. The magistrate ruled that Gustav Hammler was a competent witness and ordered that the appellants were not the heirs of Joseph Diak, from which order this appeal is taken.

The sole issue is whether a witness, conceded to be an heir, may testify in a proceeding to establish heirship in which he challenges the claim of other parties attempting to establish their heirship from the same decedent.

Appellants maintain that section 2 of the Evidence Act rendered Gustav Hammler incompetent to testify for the reasons that appellants fall within the class of "an ad-

3

verse party suing or defending . . . as an heir" under the terms of section 2 of the Evidence Act and that Gustav Hammler had an interest in the outcome of the proceeding. We agree.

No cases have been cited or found directly on the question before us. The case of Mires v. Laubenheimer, 271 Ill 296, 111 NE 106, and Weiss v. Beck, 1 Ill2d 420, 115 NE2d 768, are perhaps most directly in point. The Mires case involved a partition suit brought by the son of a decedent who had allegedly contracted away his right of heirship. The suit was brought against his sister who was concededly an heir of the decedent. The sister challenged the brother's status as an heir, relying upon the brother's contract allegedly waiving his rights as an heir. The court held that the brother was incompetent to testify because his action was brought against the sister who was concededly an heir. It was also held that the sister was incompetent to testify because she challenged the claim of heirship made by the brother. Apparently the court felt that the brother's claim of heirship, although challenged, was sufficient to bring the sister, concededly an heir, within the terms of section 2 of the Evidence Act.

In the Weiss case, plaintiff brought an action against the defendants, who were conceded to be heirs of the decedent, for the purpose of establishing and enforcing a contract to adopt, allegedly entered between the decedent and the plaintiff. Plaintiff was held incompetent to testify for the reason that his suit was not brought as an heir, but that his right to share in the decedent's estate depended entirely upon his action to establish the alleged contract to adopt and for specific performance thereof. Defendants were allowed to testify. The court stated that plaintiff sued in "no capacity which would prohibit the testimony by defendants." The court indicates that, had plaintiff sued as an heir, defendants would have been incompetent to testify. As was stated at page

4

430, "It is not the heir who is disqualified from testifying under the Evidence Act, but it is the party adverse to the one suing as an heir that is disqualified."

The case of Laurence v. Laurence, 164 Ill 367, 45 NE 1071, involved the question of whether one attempting to establish heirship as the decedent's widow was competent to testify. The court stated that unless she was conceded to be an heir or had otherwise proven herself as an heir, she was incompetent to testify. The Laurence case involved no question of whether anyone who had an interest in the outcome of the proceeding, as an heir or otherwise, would be able to testify against the party claiming to be an heir. The court stated by way of dicta that if her heirship was either proven or conceded she would be able to testify, on the principle that the proceeding would then constitute a dispute between established heirs as to their relative rights in the estate and not to the right of a party to share in the estate. In re Estate of Enoch, 52 Ill App2d 39, 201 NE2d 682, is to the same effect.

In the case of Welch v. Worsley, 330 Ill 172, 161 NE 493, the party seeking to establish heirship from the decedent was allowed to testify in a proceeding to establish heirship. The Welch case involved no question arising under section 2 of the Evidence Act.

The appellees first maintain that a proceeding to establish heirship is not such a proceeding as is covered by section 2 of the Evidence Act, relying on Sebree v. Sebree, 293 Ill 228, 127 NE 392. The Sebree case involved a construction of wording contained in section 8 of the Appellate Court Act (Ill Rev Stats 1923, c 37, par 32) relative to the question of whether an order by the Probate Court declaring heirship was appealable to the Circuit Court or to the Appellate Court. The Sebree case held that a proceeding to establish heirship was not "a suit or proceeding at law or in chancery" within the terms of section 8 of the Appellate Court Act, and was

5

therefore appealable to the Circuit Court. No question arose as to whether a proceeding to establish heirship fell within the language of section 2 of the Evidence Act. Section 2 of the Evidence Act applies to "any civil action, suit or proceeding." Ill Rev Stats 1965, chap 51, par 2. In the case of In re Estate of Panico, 268 Ill App 585, the court states that a proceeding to establish heirship is a civil action. Undoubtedly, a proceeding to establish heirship is a "civil proceeding" within the broad language of Section 2 of the Evidence Act.

Subject to certain exceptions not here important, section 2 of the Evidence Act provides: "No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein of his own motion, or in his own behalf . . . when any adverse party sues or defends as . . . the heir . . . of any deceased person. . . ." Ill Rev Stats 1965, chap 51, par 2. The purpose of section 2 is to protect estates of deceased persons against fraudulent claims. Fredrich v. Wolf, 383 Ill 638, 642, 50 NE2d 755. Concededly, an heir is competent to testify in a proceeding to establish the heirship of his ancestor where there is involved only a routine matter of establishing such heirship and where no contest arises as to who is or is not an heir. Although the heir has an interest in the outcome of the proceeding, there is no "adverse party suing or defending" in any capacity defined by section 2 of the Evidence Act, and consequently involves circumstances not covered by the Act. Where, however, a dispute arises concerning the heirship of the decedent, the parties directly involved in the dispute become "adverse," sue or defend as heirs, and have an interest in the outcome of the proceeding, bringing them within the terms of section 2 of the Evidence Act. To allow an heir to testify in direct contradiction to another person's claim of heirship is to afford him the opportunity of acquiring a greater portion of the estate than that to which he may otherwise be entitled.

The proceeding below involved more than a routine matter of establishing heirship. Appellants' claim to be the heirs of Joseph Diak was affirmatively and directly challenged by the appellees, rendering the proceeding a contested matter. Furthermore, by affirmative testimony appellee Gustav Hammler denied that appellants were the heirs of Joseph Diak. While the magistrate was of the opinion that Mr. Hammler testified "only to pedigree of the deceased," Mr. Hammler's testimony went much further in expressly denying the heirship of the appellants.

 Rule 14.4(b) of the Circuit Court of Cook County, governing probate proceedings, provides that testimony in a proceeding to establish heirship shall, as the first alternative, be given "by a person related to decedent by consanguinity, adoption or affinity. . . ." Where a party unrelated to the decedent seeks to establish heirship, Rule 14.4(b) further provides that he may testify upon the filing of an affidavit stating the reason why he should be permitted to testify and stating the source of his information. Testimony by an heir is not required in all instances. Appellees' argument, that a court in proceedings to establish heirship, is entitled to as much latitude as a court in citation proceedings brought under section 183 of the Probate Act, relative to hearing testimony by and determining the competency of witnesses, is unfounded. The power of the court to hear interested witnesses in citation proceedings in probate matters is governed by section 185 of the Probate Act; section 57, relating to proceedings to establish heirship, has no comparable provision. Ill Rev Stats 1965, chap 3, pars 57, 183, 185.

 Appellants' request that this court declare them to be heirs of Joseph Diak on the weight of the evidence below is denied for the reason that appellants offered evidence below and appellees offered evidence other than the testimony of Gustav Hammler. A trial on the

7

issue of the heirship of Joseph Diak, deceased, is allowed, with the right of the parties to introduce any competent evidence.

The order insofar as it affects the rights of appellants is reversed and the cause is remanded with directions to proceed in a manner not inconsistent with these views.

Order reversed and cause remanded with directions.

BRYANT, P. J. and LYONS, J., concur.

ON REHEARING

Having further reviewed the briefs and having considered the petition for rehearing, the answers and the reply and the cases cited, we have decided to adhere to the opinion reversing the order and remanding the cause with directions.

Order reversed and cause remanded with directions.

BRYANT, P. J. and LYONS, J., concur.