**In the Matter of the Estate of Walter A. Priebe, Deceased.**

Gen. No. 68–33.

Third District.

April 29, 1969.

John A. Murchison, of Joliet, for appellant.

Donald F. Wise, of Joliet, for appellee.

ALLOY, J.

Decedent Walter Priebe died intestate on November 7, 1966. He was a resident of Will County and his estate consisted of approximately $11,000 in personal property.

---

Frances Giovengo, a sister, filed a petition for letters of administration on behalf of herself and other brothers and sisters. The petition also alleged that decedent left three brothers, two other sisters, and Carol White and a Margaret Priebe, whose relationship to the testator was not specified in the petition. Carol White filed a cross-petition alleging that she was the daughter and sole heir of Walter Priebe. The cause was heard by the trial court without a jury.

The record discloses that Carol White was born on April 16, 1934, to an Angeline Joyce in Cook County, Illinois. The original birth certificate showed her name as Carol Joyce. She was, therefore, born as the illegitimate child of Angeline Joyce. On April 22, 1934, a few days after the birth of Carol, Angeline moved to the Convalescent Home on Kimbark Avenue in Chicago. While at this home she met Eleanor Giovengo, a sister of Walter Priebe. Walter Priebe talked with Angeline Joyce at this home, but the testimony offered by Eleanor Giovengo as to the meeting between Walter Priebe and Angeline Joyce was not permitted to be introduced in evidence since Eleanor Giovengo would have been an heir of the decedent if Carol was not found to be his daughter.

Angeline Joyce, then known as Hilda Fuchs, was married to Walter Priebe in Iowa on October 19, 1940. At such time, Carol was approximately six years old and she lived with Walter Priebe and Angeline (thereafter known as Hilda) for a period of 10 years. In December of 1943, Hilda made an affidavit under chapter 111½, § 48, of 1943 Ill Rev Stats in force, for the purpose of obtaining a new birth certificate for Carol and in which Carol was listed as the child of Walter Priebe and Hilda. The affidavit was signed by Hilda only, but there was no requirement that Walter Priebe also sign such affidavit. While the record does not disclose that Walter had actual knowledge of the birth certificate,

408

the parties continued to live together with Carol until 1950, when Walter and Hilda were divorced.

The statute under consideration (§ 48b) provided specifically that when the parents of an illegitimate child intermarry ". . . a certificate of such marriage may be recorded with the Department of Public Health and a new certificate of birth shall issue upon request in the same form as the certificate of birth for a legitimate child." The Department of Public Health did in fact issue a new birth certificate for Carol listing her as the child of Walter Albert Priebe and Hilda Mary Fuchs. The birth certificate was introduced in evidence during the hearing on the petition for letters of administration referred to. Carol White also testified affirmatively that Walter was her father and that she lived with Walter and Hilda until they were divorced in 1950, after which she went to live with her mother, Hilda. She also testified that she had no knowledge of any subsequent marriage of Walter Priebe. Hilda Priebe now lives in Colorado and did not testify at the hearing.

Following the hearing in the trial court, the trial court found in favor of Carol White, and found that she was the sole heir of Walter Priebe and issued letters of administration to her. The petition of Frances Giovengo, sister of decedent, was dismissed. During the course of the trial, the court refused to permit Eleanor Giovengo, sister of decedent, to testify as to declarations made by Walter Priebe as to whether he was or was not the father of Carol White or matters relating thereto. The ruling was made by the court under the provisions of section 2 of the Evidence Act (1967 Ill Rev Stats, c 51, § 2).

On appeal in this Court, petitioner Frances Giovengo asserts that Carol White was required to prove herself within the provisions of section 12 of the Probate Act (1967 Ill Rev Stats, c 3, § 12) relating to inheritance by illegitimates and, also, that the court erred in excluding

the testimony of Eleanor Giovengo with respect to statements made by her deceased brother, which would have bearing upon the issue of whether or not Carol White was his daughter. Under the provisions of chapter 3, § 12, 1967 Ill Rev Stats, it is provided that an illegitimate child whose parents intermarry and who is acknowledged by the father as the father's child shall be considered legitimate. In the cause before us there was the direct testimony of Carol White that Walter Priebe was in fact her father, accompanied by evidence in the nature of a new birth certificate pursuant to the provisions of chapter 111½, § 48b, reciting that Carol White was the child of Walter Priebe and his wife, Hilda. No contrary evidence was tendered on the subject of parentage with the exception of the effort by Eleanor Giovengo to testify on this issue.

■ The basic issue, therefore, revolves around the refusal of the trial court to permit the sister of Walter Priebe to testify as to declarations made by the decedent or testimony which would bear on the subject of the parentage of Carol White. The court refused to permit such testimony under the provisions of section 2 of the Evidence Act (1967 Ill Rev Stats, c 51, § 2). Appellant argues that pursuant to the case of Estate of Healea v. Healea, 254 Ill App 334, such evidence should have been received. While such evidence was admissible for the purpose of establishing parentage of a child, the court was correct in refusing to receive the evidence in the present case since the testimony of the sister was barred under section 2 of the Evidence Act (Estate of Diak, 70 Ill App2d 1, 217 NE2d 106). The sister was a party directly interested in the dispute involved in the petition filed by Carol White and in the petition of the sister, Frances Giovengo. Under the terms of section 2 of the Evidence Act, an interested party is prohibited from testifying in his own behalf when an adverse party sues as an heir under the precedent of Estate of Diak,

supra. In the Diak case, as in the case before us, two petitions put in issue the heirship of the decedent. The court in that case ruled that a witness, who had been permitted to testify in the proceeding to establish heirship before the court, was disqualified under section 2 of the Evidence Act since he was a party adverse to the one suing as an heir. Eleanor Giovengo, in the case at bar, is in the same position as such witness was in the Diak case. As stated by Justice Burke in the Diak case, supra (at page 6): "To allow an heir to testify in direct contradiction to another person's claim of heirship is to afford him the opportunity of acquiring a greater portion of the estate than that to which he may otherwise be entitled."

Since no evidence other than the testimony of the sister, Eleanor Giovengo, was offered in this cause in support of Frances Giovengo's petition, we conclude that the trial court was correct in determining, on the basis of the record before it, that Carol White was the daughter of the decedent Walter A. Priebe, and the sole heir of said decedent. This cause will, therefore, be affirmed.

Affirmed.

STOUDER, P. J. and RYAN, J., concur.