**People of the State of Illinois ex rel. Jeraldine Jones, Plaintiff-Appellee, v. Frederick Schmitt, Defendant-Appellant.**

Gen. No. 68–41.

Third Judicial District.

November 22, 1968.

Robert W. Brinn, of Rock Island, for appellant.

Richard Stengel, State's Attorney of Rock Island County, of Rock Island, and Henry William McNeal, for appellee.

CULBERTSON, J.

This is an action brought under the Paternity Act, chapter 106¾ of the Illinois Revised Statutes, by the People of the State of Illinois ex rel. Jeraldine Jones, against Frederick Schmitt, defendant. This cause was tried by the Court without the intervention of a jury. The Court found the defendant, Frederick Schmitt, to be the father of the child and ordered the defendant to pay all medical and doctor bills, plus $15 per week as support for the child. Defendant-Appellant prosecutes his appeal from the judgment of the Court. Appellant contends in this Court the proof required by law to establish liability on his part was not met, and the finding against him is against the manifest weight of the evidence.

An examination of the evidence produced on the trial of this cause, much of which is not in conflict, discloses the relatrix, Jeraldine Jones, met Frederick Schmitt at Regal Lanes in East Moline, Illinois about the 9th or 10th of September, 1963. Both the relatrix and the defendant were married at the time. The defendant was a personnel man in the United States Navy, and was working as a part-time bartender at a bowling alley. At the third meeting, about the 17th of September, the couple drove to the Naval Reserve Center in Moline, Illinois and entered the billet. The evidence discloses that defendant removed

184

the relatrix's clothing and they participated in an act of sexual intercourse. The relatrix testified that she first realized she was pregnant when she missed her periods in October and November of 1963, and that thereafter she approached the defendant and informed him of the situation, and she contends at that time the defendant told her not to worry.

The evidence discloses that at the time of conception in September the relatrix was living in the home with her husband. Both the relatrix and her husband testified on the trial of this cause that they had occupied separate bedrooms for a year and that they had not had intercourse during the last six months of their marriage, which said marriage was terminated with a divorce in December, of 1963.

The relatrix testified, among other things, that in December of 1963, the defendant bought matching wedding bands for himself and the relatrix. In June of 1964 the child was born. The evidence discloses that on two separate occasions defendant gave the relatrix money toward the payment of hospital bills incurred at the birth of the child. A witness, Marlene McCandalace, told the defendant on one occasion that the baby looked like him, and the defendant answered, "he ought to." The relatrix and the defendant continued seeing each other from September of 1963 through November of 1965. They met on the average of once or twice a week, and they continued to meet, although the relatrix moved to Tipton, Iowa in February, 1965. There is evidence by the relatrix that during the time she lived in Tipton, Iowa, on different occasions the defendant drove over ice-slicked roads to Tipton, Iowa for the purpose of sex. The relatrix testified they had many dates, as often as twice a week until she moved to Tipton, Iowa, and they would have intercourse with each date, once or twice. The evidence discloses that the defendant admitted having intercourse with the relatrix on or about the date of conception. The

185

defendant contends that he used a contraceptive, but relatrix testified that she was not aware of the fact. The evidence also discloses that the defendant admitted, "there is a chance I could be the father."

We are fully aware of the presumption of legitimacy of children conceived during the course of wedlock. This presumption, however, has been held to be a rebuttable presumption. It has never been held a conclusive presumption. Where a child is born during the course of wedlock the presumption can only be overcome where there is irrefragable proof (People ex rel. Gonzalez v. Monroe, 43 Ill App2d 1, 192 NE2d 691).

This action being an action under the Paternity Act is a civil action and the Rules of Evidence applicable in civil cases are applicable to this action, and the law enjoins upon the plaintiff in a paternity suit the burden of proving her case by the greater weight of the evidence. The Court, in its consideration of the evidence adduced on the trial of this cause may well have given consideration not only to the fact that in large part the evidence stood uncontradicted, but also to the fact that as distinguished from other cases as they quite often develop in matters of this character, the defendant appeared and gave his testimony (LaLacker v. Stuckey, 40 Ill App2d 341, 189 NE2d 676).

This case having been heard and determined by the Court without a jury, the right of this Court to interfere with and substitute its judgment for the judgment of the Trial Court has limitations wisely imposed upon it by law. The Trial Court heard and observed the various witnesses as they gave their testimony, and evaluated the testimony he had heard and made his judgment thereon, and we are not permitted to disturb that judgment unless it is clearly and palpably against the weight of the evidence. This is true even though the Reviewing Court might be inclined to find otherwise had it been in the position of the Trial Court (Hall v. Pippenger, 365 Ill

186

135, 6 NE2d 134). The finding of the Trial Court is entitled to the same weight as the verdict of a jury (Weisberg v. United States Casualty Co., 288 Ill App 72, 78, 5 NE2d 846). We must conclude that in this case there is ample testimony to support the finding of the Trial Court and this Court cannot say the finding is against the manifest weight of the evidence.

Therefore, the judgment of the Trial Court of Rock Island County, as entered in this cause, is hereby affirmed.

Affirmed.

ALLOY, P. J. and STOUDER, J., concur.