Betty Wilson, Plaintiff-Appellant, v. Richard LeFevour, Defendant-Appellee.

(No. 57665;

First District (3rd Division)—August 15, 1974.

Betty Wilson, *pro se.*

William J. Harte, of Chicago, for appellee.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

In a space of 3 years, September 1964 to September 1967, the plaintiff, Betty Wilson, was represented by 12 different attorneys in divorce proceedings between her husband and herself. One of the attorneys, the defendant Richard LeFevour, represented her for less than 2 months—from about November 25, 1965, to sometime in January 1966.

In August 1971 Mrs. Wilson filed a complaint against 11 of the attorneys. She accused them of malpractice and of injuring her mental and physical health. The general accusation was that they exacted retainer

fees from her, but did nothing to force her husband to pay accumulated alimony and child-support payments or to obtain an adequate financial settlement. She asked $50,000 in damages from each.

As to LeFevour, she conceded that he was the one lawyer who took her case without a fee and that he made a court appearance for her, but she charged, nevertheless, that "* * * once again nothing was mentioned about money for me. At this time my husband started a counter-suit for desertion. At the time of the next court appearance I called Mr. LeFevour's office and was told he was in California." She alleged that LeFevour did not tell her beforehand that he would be away and that she went to court unattended by counsel. In an amended complaint she made the additional allegation that during the period that she was represented by him, over $500 in bills accumulated which should have been paid by her husband, but that LeFevour did nothing to procure payment.

LeFevour filed motions to strike the amended complaint for failure to state a cause of action and to dismiss on the ground that the statute of limitations had run. The motions were granted and the cause was continued as to the remaining defendants. The court found that there was no reason to delay an appeal from its ruling.

This cause of action, if any, arose in January 1966, but the complaint was not filed until August 1971, which was past the limitation of 2 years for a tort action and the limitation of 5 years for a suit based on an oral contract. (Ill. Rev. Stat. 1969, ch. 83, pars. 15 and 16.) Mrs. Wilson argues, however, that her action is not barred by the Limitations Act because section 22 of that Act is applicable to the facts of this case. Section 22 states:

> "If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within five years after the person entitled to bring the same discovers that he has such cause of action, and not afterwards." (Ill. Rev. Stat. 1969, ch. 83, par. 23.)

Although the plaintiff asserts on appeal that there was fraudulent concealment of her cause of action, she nowhere states any fact which LeFevour kept from her or misrepresented to her. She neither alleged nor proved fraudulent conduct on his part.

■■ A party seeking to avail himself of section 22 of the Limitations Act must allege facts that affirmatively show fraudulent concealment of the cause of action by the defendant which prevented the plaintiff from discovering that she had a cause of action. (*Bush v. Continental Casualty Co.* (1969), 116 Ill.App.2d 94, 253 N.E.2d 619.) To substantiate such an allegation, a plaintiff must prove that the defendant made representa-

tions which were known by him to be false, that they were made to deceive the plaintiff, and that the plaintiff believed the representations and relied upon them to his damage or injury. *Edwards v. Chicago & Northwestern Ry. Co.* (1967), 79 Ill.App.2d 48, 223 N.E.2d 163.

The plaintiff believes that she was damaged by the defendant's negligence in not pressing for the money owed her by her husband in his first court appearance and by his not attending a second hearing. She also protests his not being on hand when a counter-complaint was filed against her and when a guardian ad litem was appointed for her. The only viable allegation of negligence would be his non-appearance at the second hearing, but this does not mean that she was legally damaged by his absence.

The real harm in this case was that the defendant's absence left the plaintiff feeling unprotected and lost in the midst of legal proceedings which she did not understand. That feeling of helplessness contributed to her ultimate conviction that lawyers were indifferent to her plight and that she would be better off handling her own case on appeal.

Certainly the general allegations of the plaintiff present a regrettable picture and evoke sympathy for her. It is disturbing that a woman must go through 11 lawyers without finding one in whom she has confidence. But, of course, we do not know the other side of the picture and may never know because of the plaintiff's delay in filing her complaint.

■■ The plaintiff's complaint did not state a cause of action against LeFevour and it also was barred by the statute of limitations. The order dismissing the complaint is affirmed.

Affirmed.

McNAMARA, P. J., and McGLOON, J., concur.