THE PEOPLE *ex rel.* PATRICIA SMITH, Plaintiff-Appellce, *v.* ISAAC COBB, Defendant-Appellant.

(No. 61104;

First District (5th Division)—October 10, 1975.

*Rehearing denied November 21, 1975.*

Richard L. Brauer, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Marcia B. Orr, and William J. Stacy, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Defendant appeals from a paternity judgment which found him to be the father of relatrix' child and ordered him to pay $35 per week in child support. He contends that (1) the decision of the court was against the manifest weight of the evidence and (2) the court erred in finding that he had waived his right to a jury trial.

The evidence adduced at the paternity hearing was as follows:

Relatrix testified that on December 30, 1966, she married Bobby Smith, and they have never been divorced. She left her husband in March 1970 and immediately moved into defendant's home. She and defendant shared the same bedroom at all times while they lived together and had sexual intercourse approximately three times per week. The couple had two joint checking accounts, filed joint income tax returns and when relatrix was not working, defendant paid all their bills. Relatrix further testified that the couple decided to have a child, and she stopped using birth control pills in late 1970. On June 23, 1972, relatrix gave birth to a baby girl, Marie Cobb, with defendant being listed as the father on the birth certificate. Defendant's hospitalization insurance under which relatrix was carried as his wife, paid the hospital bill. After birth, Marie Cobb was automatically carried as defendant's child under his hospitalization. Also, defendant did not object when relatrix told friends that it was his child. She moved out of his home in April 1973.

Bobby Smith testified for the State that he and relatrix were still married but had not lived together since March 1970.

Defendant testified and denied filing a joint income tax return or

planning to have a child. He further contradicted relatrix' testimony only as it concerned the frequency of their sexual relations. He stated that in 1971 they had intercourse only twice, once in May and again in December. Also, he worked 21 hours per day, and on numerous occasions he returned home from work to find relatrix in the company of a male neighbor. Lastly, he requested relatrix to leave his home in November 1971 but allowed her to stay as she had nowhere else to go.

Relatrix filed suit in August 1973, and attorney M. W. Garnett filed an answer and jury demand on defendant's behalf. At a hearing on January 16, 1974, attorney Garnett waived the jury demand. Subsequently, for the purposes of the hearing and this appeal, attorney Richard Brauer represented defendant.

OPINION

■■ Defendant first contends that the relatrix failed to overcome the presumption that the child was legitimate. A child born to a married woman is presumed to be legitimate, and the presumption can only be overcome by clear and convincing proof. *People v. Powers*, 340 Ill.App. 201, 91 N.E.2d 637.

The evidence in the instant case overcomes the presumption. Relatrix did not live with her husband and was living with defendant in a marital-like situation at the time of conception. Defendant shared the same bedroom with relatrix, at times supported her and was named as the child's father on the birth certificate. Also, he placed her name on hospitalization as such and after the child was born, he supported the child and allowed all to believe that the child was his. Only after the couple separated did defendant begin to deny that he was the child's father. In view of the overwhelming evidence, the legitimacy presumption was rebutted.

Defendant urges us to follow *People ex rel. Gonzalez v. Monroe*, 43 Ill.App.2d 1, 192 N.E.2d 691, which states that for the presumption of legitimacy to be overcome, it must be shown that the husband was either inaccessible or sterile. However, in that case husband and wife lived together and under those circumstances there was accessibility.

It should be noted that in a more recent paternity case, *People ex rel. Jones v. Schmitt*, 101 Ill.App.2d 183, 242 N.E.2d 275, it was held that a married woman living with her husband at the time of conception could give birth to an illegitimate child. The court, while acknowledging *Gonzalez*, stated that while the presumption of legitimacy is strong, it is not conclusive, and upon the tendering of proper evidence it can be rebutted.

■■ When the presumption of legitimacy is overcome, it is left to the

trier of fact to hear witnesses and decide whether or not the defendant is the father. The trial judge chose to believe the relatrix, and it is well established that when there is contradictory testimony in a paternity hearing, the trial judge may choose to believe one party and not the other. *People ex rel. Staples v. Prude*, 18 Ill.App.3d 269, 309 N.E.2d 670.

■■ As to defendant's second contention concerning the trial court's denial of his demand for a jury trial, we find that it has no merit. A search of the record of the hearing on January 16, 1974, clearly shows that defendant's prior counsel waived that right.

We affirm the judgment.

Affirmed.

BARRETT, P. J., and SULLIVAN, J., concur.