GLORIA ADKINS, Plaintiff-Appellee, *v.* GEORGE SHANNON, Defendant-Appellant.

Third District    No. 79-429

Opinion filed April 30, 1980.

Howard V. Thomas, of Peoria, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (Chris L. Fredericksen, Assistant State's Attorney, of counsel), for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

On October 18, 1977, plaintiff Gloria Adkins filed a complaint pursuant to the Paternity Act (Ill. Rev. Stat. 1977, ch. 40, par. 1351 *et seq.*), charging that defendant George Shannon was the father of a child born to plaintiff on October 17, 1975. On May 5, 1978, at a hearing at which defendant was represented by counsel, although he did not personally appear, defendant denied the charge of paternity and demanded a jury trial. The cause was subsequently set for jury trial on November 1, 1978. On that date defense counsel moved for a continuance, representing to the court that defendant had informed defense counsel that he would be unable to attend the trial because he received only 24 hours notice from defense counsel and could not be absent from his job. When this motion was denied, defense counsel made a motion to withdraw the demand for trial by jury, which motion was granted. Plaintiff then gave testimony tending to show that defendant was the father of a child born to her on October 17, 1975. The court so found, and the cause was continued until November 17, 1978, for a determination of the amount of support and maternity expenses.

On that date the court granted defendant's motion to vacate the order finding him to be the father and permitted him to testify. In his testimony defendant denied having sexual relations with plaintiff. The court again found defendant to be the father, and the hearing on the amount of support and maternity expenses was begun.

Plaintiff's counsel moved for a continuance, representing to the court that he had yet to receive information from the State of Illinois with respect to its payments of plaintiff's maternity expenses. The court denied the motion, stating:

"Whatever the Department of Public Aid has paid would be reimbursed, and at some time you present [defendant] with the bill that will be the amount. Unless there is some objection that it was unreasonable or wasn't paid or wasn't incurred, we can take that up. In as much [*sic*] as the Defendant lives in East St. Louis I am not inclined to have any further hearings on this unless it is absolutely necessary."

Plaintiff then presented her evidence. Over objection by the defense, plaintiff testified that a hospital bill for her maternity care, a copy of which she had left at home, was $550. The court entered an order

requiring defendant to pay support of $40 per week, and to "reimburse the State * * * for all medical expenses due to the birth of the child."

On appeal defendant first contends that he was denied his right under section 6 of the Paternity Act (Ill. Rev. Stat. 1977, ch. 40, par. 1356) to a jury trial. Section 6 provides in pertinent part:

"At the time appointed for appearance and answer, the court shall cause an issue to be made up whether the person charged is the father of the child, which issue, upon demand of either the mother or the accused person, shall be tried by a jury."

The gist of defendant's argument is that the trial court erred in granting the motion made by defense counsel to withdraw the jury demand because defendant was not present and had not authorized defense counsel to make such a motion.

■■ We note at the outset that defendant has not referred to any part of the record which supports his assertion that defense counsel was not authorized to withdraw the jury demand. We also note that a defendant in an action brought under the Paternity Act may, after making a jury demand, waive his statutory right to a jury trial. (*People ex rel. Smith v. Cobb* (1975), 33 Ill. App. 3d 68, 337 N.E.2d 313.) Defendant relies on *Lyman v. Kaul* (1916), 275 Ill. 11, 113 N.E. 944, in support of his argument. In that case counsel for Robert Lyman, Jr., a party to a will contest, waived trial by jury without Lyman's authorization, and the supreme court held Lyman was denied his right to a jury trial. The case is distinguishable, however, because prior to trial Lyman, by other counsel, made a motion to set aside the waiver, supported by his affidavit stating that the waiver was made without his knowledge and in violation of his instructions to counsel. Said the court:

"If appellant, after learning of the action of his counsel in waiving a jury, had made no effort to have the order of waiver set aside but had gone to trial before the court he could not afterwards be heard to complain." (275 Ill. 11, 20.)

In the instant case defendant appeared and testified at the hearing on November 17, 1978, without complaining about the withdrawal of the jury demand. Under these circumstances, we hold he waived his statutory right to a jury trial. The other cases cited by defendant are inapposite because they do not involve a purportedly unauthorized waiver by counsel of trial by jury.

Defendant also argues that the complaint was not timely filed. Section 4 of the Paternity Act provides in pertinent part:

"No such action may be brought after the expiration of 2 years from the birth of the child. However, where the person accused has acknowledged the paternity of the child by a written statement made under oath or affirmation or has acknowledged the paternity

of such child in open court, prosecution may be brought at any time within 2 years from the last time such acknowledgment was made or within 2 years from the last time the person accused contributed to the support, maintenance, education and welfare of the child subsequent to such acknowledgment. The time any person so accused is absent from the State shall not be computed." (Ill. Rev. Stat. 1977, ch. 40, par. 1354.)

Plaintiff's complaint was filed October 18, 1977, and the child was born October 17, 1975.

This issue was not raised at trial or in defendant's post-trial motion and would, therefore, ordinarily be considered waived. (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 324 N.E.2d 417.) Defendant, however, has couched his argument in jurisdictional terms. He cites *People ex rel. Getz v. Lang* (1978), 61 Ill. App. 3d 933, 378 N.E.2d 398, and other cases for the proposition that section 4 is not a mere statute of limitations but rather sets forth a condition of the right to bring a paternity action which is jurisdictional. He then maintains that the trial court did not have jurisdiction, and that the order is void. A similar argument was rejected in *People ex rel. Person v. Miller* (1977), 56 Ill. App. 3d 450, 371 N.E.2d 1012. In *Person* a complaint was filed under the bastardy act (Ill. Rev. Stat. 1955, ch. 17, par. 1 *et seq.*) more than 2 years after the birth of the child for whom support was sought. Section 16 of the bastardy act (Ill. Rev. Stat. 1955, ch. 17, par. 16) contained a 2-year limitation similar to the one in section 4 of the Paternity Act. Defendant was found to be the father and ordered to make certain support payments. Subsequently, defendant was found in contempt of the order, and judgment was entered against him for support payments he did not make. On appeal from such judgment defendant raised for the first time the issue that the complaint was not timely filed. The court acknowledged that the 2-year limitation had been held to be a condition of the right to maintain an action, not merely a statute of limitations, and the lack of subject matter jurisdiction may be raised for the first time on appeal. It held, however, that the fact that the complaint was not timely filed did not deprive the court of subject-matter jurisdiction, but rather raised a question of jurisdiction over the particular case which question had been waived. We hold that defendant waived this issue by not raising it in the trial court.

Defendant's final contention is that the part of the order requiring him to "reimburse the State * * * for all medical expenses due to the birth of the child" must be reversed because there was insufficient proof of the reasonableness of the expenses. We agree.

Section 3 of the Paternity Act provides in pertinent part:

"A father whose paternity is so established shall also be liable for the *reasonable* expenses of the mother during the

period of her pregnancy, confinement and recovery * * *."
(Emphasis added.) (Ill. Rev. Stat. 1977, ch. 40, par. 1353.)
Payment of the bill of a physician is *prima facie* evidence that it is
reasonable. (*Wicks v. Cuneo-Henneberry Co.* (1925), 319 Ill. 344, 150
N.E. 276.) In the instant case the only evidence presented on the issue of
the amount of maternity expenses was plaintiff's testimony that she
received a bill from the hospital in the amount $550 that was paid "by
public aid." While such testimony may have been *prima facie* evidence of
the reasonableness of the hospital bill, there was no evidence that the bill
included "all medical expenses due to the birth of the child" and paid by
the State. Thus defendant's total liability is uncertain. While we agree that
defendant is liable for plaintiff's reasonable medical expenses, we hold
that the order failed to establish the extent of defendant's liability. We
therefore conclude that a new hearing is necessary to determine the
amount of reasonable medical expenses which defendant must pay.

For the reasons stated above, that part of the order of the Circuit
Court of Peoria County determining paternity and fixing support is
affirmed, and the part directing defendant to reimburse the State for all
medical expenses caused by the birth of the child is reversed. The cause is
remanded for a new determination of the amount of reasonable maternity
expenses.

Affirmed in part; reversed in part and remanded.

STOUDER and BARRY, JJ., concur.