THE PEOPLE *ex rel.* KIMBERLEE DAVIS, Plaintiff-Appellee, *v.*
STEPHEN R. CLARK, Defendant-Appellant.

Fourth District   No. 16853

Opinion filed August 31, 1981.

William S. Schildman, of Jacksonville, for appellant.

Tyrone C. Fahner, Attorney General, of Chicago (Patricia Rosen, Assistant Attorney General, of counsel), for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

Following a bench trial, defendant, Stephen Clark, was found to be the father of a child born to plaintiff, Kimberlee Davis, on August 13, 1978. Defendant appeals this finding of paternity, arguing that Kimberlee Davis was married to Steven Davis when the child was conceived and there is a presumption that the child is legitimate which has not been rebutted by sufficient evidence.

At trial, plaintiff testified that defendant is the father of her child born August 13, 1978. Plaintiff married Steven Davis on February 14, 1976; she and Davis separated in September 1977, and their marriage was dissolved on March 16, 1978. Plaintiff denied seeing her husband during November or December of 1977, or January 1978.

Plaintiff started dating defendant in October 1977. She and defendant engaged in acts of sexual intercourse from the first of November 1977, until the middle of March 1978. She had intercourse with defendant during the eighth, ninth and tenth months prior to the birth of the child. She denied having any intercourse with any other person during this time.

Plaintiff thought she was pregnant when she missed her menstrual period the first week of December 1977. She discussed this with defendant, whom she described as surprised and happy about it. Plaintiff further testified that she and defendant had planned to get married, that he gave her an engagement ring for her birthday, but that he changed his mind about marrying her in April. According to plaintiff, defendant never denied being the father of this child.

During cross-examination, plaintiff admitted that she lied in her petition for dissolution of marriage, filed March 10, 1978, when she stated she was not pregnant. Plaintiff did not list the father's name on the birth certificate.

Vicky Lindsey testified that she knows both plaintiff and defendant. In December 1977, Lindsey heard plaintiff tell defendant she was pregnant. Lindsey testified that defendant said, "I'm going to be a father."

Defendant admitted dating plaintiff and having intercourse with her, but testified that he has never admitted paternity. He denied that he and plaintiff had discussed marriage and explained the ring he gave her was a birthday present.

■■ In Illinois, there is a presumption that a child born to a married woman is legitimate. This presumption is not conclusive, however, and may be rebutted by clear and convincing proof. See *People ex rel. Adams v. Mitchell* (1980), 89 Ill. App. 3d 1023, 412 N.E.2d 678.

In support of their respective positions, the parties to this appeal have referred this court to two cases which are factually similar to the case at hand but have reached opposite conclusions. Defendant relies on *People ex rel. Gonzalez v. Monroe* (1963), 43 Ill. App. 2d 1, 192 N.E.2d 691. In *Monroe*, a finding of paternity on the part of defendant was reversed where plaintiff was a married woman living with her husband at the time of conception. The court found plaintiff's self-serving testimony that she did not engage in sexual intercourse with her husband insufficient to overcome the presumption of legitimacy, although the evidence was conclusive that plaintiff and defendant were engaged in a clandestine affair at the time of the child's conception. *People ex rel. Jones v. Schmitt*

(1968), 101 Ill. App. 2d 183, 242 N.E.2d 275, is relied upon by plaintiff. There, the court upheld a finding of paternity on the part of defendant even though plaintiff was married and living with her husband at the time of conception. In that case, both plaintiff and her husband testified that they had not had intercourse during the time of conception.

Defendant contends that plaintiff's testimony that he is the father of the child is unworthy of belief. He stresses that plaintiff admitted lying in her petition for dissolution when she stated she was not pregnant and that plaintiff failed to explain why she failed to name the father on the birth certificate.

■■ We have carefully reviewed the record and find clear and convincing proof to overcome the presumption of legitimacy. Plaintiff had separated from her husband, and plaintiff and defendant were admittedly engaging in acts of sexual intercourse during the period of time this child was conceived. In *People ex rel. Adams v. Mitchell* (1980), 89 Ill. App. 3d 1023, 412 N.E.2d 678, the court rejected a claim by a putative father that the testimony of the plaintiff could not as a matter of law suffice to overcome the presumption of legitimacy. We agree with that holding where, as here, there is no evidence contradicting the plaintiff's testimony that the man she was married to is not the father of her child.

■■ ■ When the presumption of legitimacy has been overcome, the remaining question for the trier of fact is whether the defendant is in fact the father of the child. (*People ex rel. Smith v. Cobb* (1975), 33 Ill. App. 3d 68, 337 N.E.2d 313.) Defendant does not argue the evidence is insufficient on this point. The trial court's determination that defendant is the father of the child born to Kimberlee Davis on August 13, 1978, is not against the manifest weight of the evidence. *People ex rel. Mathis v. Brown* (1976), 44 Ill. App. 3d 783, 358 N.E.2d 1160.

The judgment of the trial court is affirmed.

Affirmed.

WEBBER and MILLS, JJ., concur.