*In re* ESTATE OF EDWARD A. HUTCHINS, Deceased (Ruth Rosenthal, Plaintiff-Appellant, *v.* SHARON SCHWAB *et al.*, Defendants-Appellees).

Fourth District   No. 4—83—0358

Opinion filed January 9, 1984.

Larry J. Price, of Mt. Olive, for appellant.

G. Bradley Hantla, Ltd., of Litchfield, for appellees.

JUSTICE MILLER delivered the opinion of the court:

This is an appeal from an order of the trial court denying a motion to vacate an order establishing heirship. Ruth Rosenthal, an acknowledged legitimate child of the decedent, filed an objection to the statement of heirship listed in the petition for letters of administration filed by petitioners, Joey Hutchins and Larry Smith.

Petitioners, in seeking letters of administration in the estate of decedent, listed 14 purported sons and daughters as heirs of the decedent. Ruth Rosenthal, one of decedent's daughters, filed an objection in which she contended that certain purported heirs listed in the petition were not the natural children of Edward Hutchins.

A hearing was held on the petition and the objections thereto. The trial court entered an order granting letters of administration to petitioners on December 1, 1982. Rosenthal filed a motion to vacate on December 29, 1982. On January 6, 1983, the cause was ordered transferred from Judge Hubbard to Judge Simon Friedman because of Judge Hubbard's impending retirement on January 10, 1983. On January 10, 1983, Judge Hubbard entered an order denying the motion to vacate. The record does not indicate whether counsel was present. Judge Friedman entered an order appointing Larry Smith and Joey Hutchins legal representatives of decedent's estate and directed the parties to submit briefs on the question of Judge Hubbard's jurisdiction to enter the order of January 10, 1983. On April 10, 1983, Judge Friedman entered an order confirming that the order of January 10, 1983, was valid and in full force and effect.

Plaintiff raises two issues on appeal: (1) whether certain purported heirs of the decedent were competent to testify concerning the heirship of the decedent under the Dead Man's Act (Ill. Rev. Stat.

1981, ch. 110, par. 8—201); and (2) whether the heirship of the purported illegitimate children was established by clear and convincing evidence.

Before considering the merits of this appeal, we must decide whether this appeal is properly before the appellate court. Supreme Court Rule 304(b)(1) (87 Ill. 2d R. 304(b)(1)) provides that a judgment or order entered in the administration of an estate which finally determines the status of a party is appealable without a finding that there is no just reason for delaying enforcement or appeal. It has been established that an order in an estate proceeding which finally determines the status of a party must be appealed within 30 days from the entry of that order. (*In re Estate of Kime* (1981), 95 Ill. App. 3d 262, 419 N.E.2d 1246.) In the case at bar, the order of December 1, 1982, overruling the objection to the petition was immediately appealable. Appellant filed a timely post-trial motion on December 29, 1982, which was denied by Judge Hubbard on January 10, 1983. Appellant then had 30 days to file her notice of appeal. (87 Ill. 2d R. 303(a).) Instead she filed a motion objecting to the jurisdiction of Judge Hubbard to enter the order of January 10, 1983, after the cause had been transferred and assigned to Judge Friedman. Her notice of appeal was not filed until May 10, 1983.

■ Although the notice of appeal was not timely filed, we have jurisdiction of the appeal under the rule of *People v. Kaeding* (1983), 98 Ill. 2d 237. In *Kaeding*, the supreme court held that where the parties actively participate without objection in proceedings held after the 30-day period following final judgment which are inconsistent with the merits of the prior judgment, the circuit court is revested with jurisdiction to rule on those subsequent proceedings. A subsequent appeal filed within 30 days of those proceedings is timely and not subject to a motion to strike filed by the appellee. In the case at bar, the parties actively participated in the proceedings without objection after the 30-day period had run and defendants have made no objection to this court's jurisdiction on appeal.

■ Plaintiff contends that the trial court erred in allowing testimony from the purported illegitimate children of the decedent on the issue of the heirship of the decedent. She maintains that an heir is competent, under the Dead Man's Act, to testify in a proceeding to establish the heirship of her ancestor only where the proceedings are not contested and the establishment of the heirship is routine. (*Laurence v. Laurence* (1896), 164 Ill. 367, 45 N.E. 1071; *In re Estate of Diak* (1966), 70 Ill. App. 2d 1, 217 N.E.2d 106.) We disagree.

The Dead Man's Act (Ill. Rev. Stat. 1981, ch. 110, par. 8—201)

was amended in 1973 and now provides, in pertinent part:

"In the trial of any action in which any party sues or defends as the representative of a deceased person or person under a legal disability, no adverse party or person directly interested in the action shall be allowed to testify on his or her own behalf to any conversation with the deceased or person under legal disability or to any event which took place in the presence of the deceased or person under legal disability, except in the following instances:

\* \* \*

(d) No person shall be barred from testifying as to any fact relating to the heirship of a decedent."

In *In re Estate of Bailey* (1981), 97 Ill. App. 3d 781, 423 N.E.2d 488, the appellate court had an opportunity to consider the effect of subsection (d) quoted above. The court held that the language of subsection (d) was clearly intended by the General Assembly to change the rule of *Laurence*, which the court termed "harsh," and held that the petitioner should have been allowed to testify as to her marriage to the decedent Bailey. We agree with the reasoning of the court in *Bailey* and hold that the trial court properly admitted the testimony of which appellant complains.

■ Defendant also contends that the finding of the trial court concerning the heirship of appellees was not proved by clear and convincing evidence. Clear and convincing evidence is proof which leaves no reasonable doubt in the mind of the trier of fact. (*In re Estate of Larimore* (1978), 64 Ill. App. 3d 470, 381 N.E.2d 76.) A finding of paternity in a proceeding to establish heirship will not be overturned on appeal unless contrary to the manifest weight of the evidence. *Larimore*.

Certain facts were not in dispute below. Edward Hutchins was married twice. He had seven children by his first wife, Clara. Those children are Joey Hutchins, Jerry Hutchins, Laura Hutchins Reener, June Hutchins Moberly, Jim Hutchins, Ruth Hutchins Rosenthal, and Kay Hutchins Shaw. Clara Hutchins divorced decedent in 1956.

Decedent married Ida Smith in December 1960. She was divorced from Delmar Smith in November 1960 on the ground of adultery. Delmar Smith's complaint charged that decedent had engaged in an adulterous relationship with Ida. Nine children were born to Ida during her marriage to Delmar. Seven of those children, Sharon Schwab, Robert Smith, Edward Smith, Donna Briggs, Gary Smith, Dennis Smith, and Larry Smith, were named in the petition for letters of administration in this cause and claim to be the illegitimate children of

decedent. Decedent and Ida were divorced in 1965.

At the hearing held on the petition, the following testimony was heard by the court: Joey Hutchins testified that decedent referred to the seven Smiths as his children. Larry Smith testified that he often took decedent to the doctor and repaired decedent's house. In the years following decedent's divorce from Smith's mother, Larry purchased decedent's trailer so that decedent could purchase a house next door to Smith's mother. Larry Smith testified that decedent told Smith that he and the other Smith children were his natural children. When decedent would send one of the Smith children a birthday card, he would sign the card "Dad." Smith said that he and his brothers and sisters cared for decedent during the last five years of decedent's life.

On cross-examination, Smith admitted that the purported illegitimate children were born during the marriage of Ida and Delmar Smith; Larry Smith's birth certificate lists Delmar Smith as the father. Smith's mother received child support from Delmar Smith for the benefit of the children. A letter from the Department of Health and Human Services stating that the Smith children had received social security benefits from decedent's account was identified by Smith and admitted into evidence over appellant's objection.

Sharon Schwab testified that she is Larry Smith's sister. She identified a picture of decedent, Ida Hutchins, and herself taken in 1949, containing the inscription "Dad, Mom and Sharon." She also identified a letter from decedent to her, in which decedent sent her new baby "its first dollar." The letter was signed "Dad."

On cross-examination, Sharon admitted that her birth certificate lists Delmar Smith as her father. She told the court that during Delmar and Ida's marriage, the children did not refer to Delmar Smith as their father. She testified that decedent would come to the Smith house during Delmar and Ida's marriage after Delmar went to work. The picture and letter identified by Sharon Schwab were admitted into evidence over objection.

Ruth Rosenthal testified that decedent was evasive with her concerning the paternity of the Smith children. He told her that he was not sure whether he was the father of Ida Hutchins' children. She admitted writing a letter to Sharon Schwab following decedent's death in which she stated that she never denied that decedent was Sharon's father.

The court took judicial notice of the decree of divorce between Delmar and Ida Smith, dated November 7, 1960. The decree states that four children were born to the parties during the marriage, in-

cluding Sharon and Robert. The decree also states that five children were born to Ida during the marriage: Edward, Donna, Gary, Larry, and Dennis.

The court also took judicial notice of the complaint of Ida Hutchins, filed in the divorce proceedings between Ida and Edward Hutchins, which states that "no children were born as an issue of this marriage."

█ In Illinois, a strong presumption exists that a child born to a married woman is legitimate. (*People ex rel. Davis v. Clark* (1981), 99 Ill. App. 3d 979, 426 N.E.2d 294; *People ex rel. Adams v. Mitchell* (1980), 89 Ill. App. 3d 1023, 412 N.E.2d 678.) This presumption is rebuttable. In this case, the divorce decree between Delmar and Ida Smith indicates that four children, two of whom were Sharon and Robert, were born to Delmar and Ida during their marriage. The decree also indicates that five children were born to Ida during the marriage, but no mention is made of the children's father. While the decree supports the presumption of the legitimacy of Sharon and Robert, it calls into question the legitimacy of the other five children born during the marriage.

█ █ The recitals contained in the Smiths' divorce decree coupled with the other evidence presented at the hearing was, in our opinion, sufficient to overcome the presumption of legitimacy as to Edward, Donna, Gary, Larry, and Dennis. That presumption having been overcome, we hold that clear and convincing evidence was presented to establish their heirship to the decedent. While the evidence tends to show that Sharon and Robert were also decedent's children, the recitals contained in the Smiths' divorce decree along with the payment of child support for their care by Delmar Smith, causes sufficient doubt to be present that we cannot say that heirship between Sharon, Robert, and the decedent was shown by clear and convincing evidence.

For the reasons indicated, the judgment of the circuit court is reversed insofar as it found Sharon Schwab and Robert Smith to be heirs of the decedent. In all other respects the judgment of the circuit court of Macoupin County is affirmed, and the cause is remanded for further proceedings.

Reversed in part, affirmed in part, and remanded for further proceedings.

MILLS, P.J., and TRAPP, J., concur.