*In re* ADOPTION OF BABY GIRL LEDBETTER (Robert Dennis Santarelli *et al.,* Petitioners-Appellants and Cross-Appellees, *v.* James C. Ellison, Respondent-Appellee and Cross-Appellant).

Fourth District    Nos. 4—83—0741, 4—83—0800 cons.

Opinion filed June 21, 1984.

Tepper & Gwinn, of Urbana (John Gwinn and Victoria Mather, of counsel), for appellants.

Ames & Manecke, of Coal Valley, for appellee.

Larry R. Silkwood, of Urbana, and Steven LeSueur, of Champaign, guardians *ad litem.*

JUSTICE TRAPP delivered the opinion of the court:

Petitioners, Robert and Karen Santarelli, appeal from a judgment denying their petition for adoption of Baby Girl Ledbetter and denying in part recovery of certain expenses they incurred in caring for

the baby. Respondent, James Ellison, cross-appeals, claiming the trial court erred in requiring him to reimburse petitioners for some of their expenses.

On December 23, 1982, Bonnie Ledbetter gave birth to a baby girl in Moline, Illinois. No father was named on the birth certificate. When Ms. Ledbetter was released from the hospital on December 26, petitioners' attorney drove her to the law offices of Rosborough & Daily in Moline. There Ms. Ledbetter executed a final and irrevocable consent to adoption. She refused to name the baby's father.

On December 30, petitioners filed for adoption. The petition named Ms. Ledbetter as the mother, but no father was named. Petitioners served process on the baby and published notice "to whom it may concern" in a local newspaper. The trial court gave temporary custody of the baby to petitioners. The court appointed a guardian *ad litem* for the baby and another guardian *ad litem* for the unknown father and all concerned.

On January 27, 1983, Ellison filed an appearance claiming to be the natural father. Petitioners demanded proof of paternity and alleged Ellison was unfit. In an evidence deposition on July 15, Ms. Ledbetter stated she was married to Robert Ledbetter at the time of conception. The record reveals no attempt to locate or serve Mr. Ledbetter, and he did not participate in the proceedings.

The court held a hearing on October 31, 1983. The evidence concerning paternity consisted of Ms. Ledbetter's deposition and Ellison's testimony. According to Ms. Ledbetter's deposition, she ceased living with her husband in June 1981. She obtained a divorce in April 1982. She also stated that in 1982 until the time she became pregnant, she had intercourse only with Ellison. Ellison also testified he and Ms. Ledbetter engaged in sexual intercourse during the time of conception. Petitioners argued this evidence was insufficient to overcome the legal presumption that Mr. Ledbetter was the baby's natural father. The trial court, however, concluded Ellison was the natural father and awarded him custody. Because petitioners had paid the medical expenses for the baby's delivery, the court ordered Ellison to reimburse them. The court also ordered Ellison to compensate petitioners for food and diaper expenses they had incurred while caring for the baby. The court refused to order reimbursement for the cost of furniture, wallpaper, clothes, and toys because petitioners had not delivered any of these items to Ellison.

■ In Illinois, the law presumes a child born to a married woman is legitimate. Because the Ledbetters were still married when the baby was conceived, Mr. Ledbetter presumptively was the father of

the baby. *People ex rel. Davis v. Clark* (1981), 99 Ill. App. 3d 979, 426 N.E.2d 294.

■■ Mr. Ledbetter, as presumptive father, was a necessary party to the action.

"If a complete determination of a controversy cannot be had without the presence of other parties, the court may direct them to be brought in. If a person, not a party, has an interest or title which the judgment may affect, the court, on application, *shall* direct such person to be made a party." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 110, par. 2—406(a).)

The ruling that Ellison was the natural father effectively cut off Mr. Ledbetter's rights as the presumptive father. Additionally, if Mr. Ledbetter were the father, the court could not grant the adoption petition without his presence.

■■ Ellison contends the presumption was overcome by clear and convincing proof; therefore, Mr. Ledbetter need not be made a party. Absent the order in this case, however, Mr. Ledbetter could assert full parental rights regardless of the true state of paternity. His rights cannot be terminated without sufficient notice to him. Moreover, the only parties represented were Ellison, who claimed paternity, and petitioners, who knew none of the relevant facts. Mr. Ledbetter was never given an opportunity to rebut the evidence at which Ellison points.

■■ The guardian *ad litem* for the unknown father could not properly represent Mr. Ledbetter's interests. Mr. Ledbetter's identity was disclosed as early as the date of Ms. Ledbetter's deposition. He was not an unknown party. (Ill. Rev. Stat. 1981, ch. 110, par. 2—413.) While a guardian may represent a minor's interest (Ill. Rev. Stat. 1981, ch. 110, par. 2—502), the interest of a person not in being (Ill. Rev. Stat. 1981, ch. 110, par. 2—501), or an incompetent's interest (Ill. Rev. Stat. 1981, ch. 110, par. 2—1008(c)), due process requires proper service on a known competent adult before adjudication of his rights.

The requirement of joinder of necessary parties is absolute and inflexible. (*Lain v. John Hancock Mutual Life Insurance Co.* (1979), 79 Ill. App. 3d 264, 270, 398 N.E.2d 278, 284.) Both the trial and appellate court have a duty to enforce this principle of law *sua sponte* when it is brought to their attention. (*National Bank v. S.N.H., Inc.* (1975), 32 Ill. App. 3d 110, 121, 336 N.E.2d 115, 123-24.) An order entered without jurisdiction over a necessary party is null and void. *People ex rel. Meyer v. Kerner* (1966), 35 Ill. 2d 33, 38, 219 N.E.2d 617, 620.

For the foregoing reasons, the judgment of the circuit court is vacated and the case is remanded for further proceedings not inconsistent with the views expressed in this opinion. If upon service of summons, Robert Ledbetter fails to appear or file a responsive pleading, the trial court is directed to affirm the judgment heretofore entered.

Vacated and remanded with directions.

MILLS, P.J., and WEBBER, J., concur.